FILED

2026 FEB 13 PM 3: 20

CLERK U S DISTRICT COURT
CENTRAL DIST. OF
LOS ANGELES

BY: _____

Fee Paid

Saeed Masjedi
3031 W. Olympic Boulevard #208
Los Angeles, California 90006
Tel: (208)724-0239
e-mail address: 6225889@gmail.com
Plaintiff Pro Se Saeed Masjedi

S/I

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SAEED MASJEDI,

      Plaintiff,

vs.

GREGORY WEINGART, ELIZABETH VALDEZ, ADOLFO GARBER, ASHTON WATKINS, BRUCE ADELSTEIN, AND DOES 1 THROUGH 10,

      Defendants.

CASE NO.: CV26-1570-JGB(ACCV)

VERIFIED COMPLAINT

JURY TRIAL REQUESTED

## I. INTRODUCTION

1. Respectfully, I, Saeed Masjedi, the Plaintiff in this verified Complaint, present one claim for redress and relief pursuant to Title 42 United States Code Section 1983 ("Section 1983"), for the Defendants herein having participated, in conspiracy, with state actors in depriving me of 1st Amendment right of Freedom of Speech, (2)my federal constitutional 1st Amendment right of Petitioning the Government, and (3)my federal constitutional 14th Amendment right of Procedural Due Process and its component of having a meaningful opportunity to be heard, by the conspirators herein having imposed extrinsic fraud upon the institution of the court, as that wrongdoing is so defined by IN RE INTERMAGNETICS AMERICA, INC. 926 F. 2d 912 (9th Cir. 1991), by illegal acts committed by officers of the court, and not legal error, which illegal

COMPLAINT

acts were committed in the course of a state court lawsuit to purposefully obstruct the due vindication of my rights in that litigation, which litigation is still pending and which has not reached finality. I bring this Complaint in the United States District Court for the Central District of California ("USDC") pursuant to the federal case law authority of KOUGASIAN vs. TMSL, INC. 359 F. 3d 1136 (9th Cir. 2004), BENAVIDEZ vs. COUNTY OF SAN DIEGO 993 F. 3d 1134 (9th Cir. 2021), and MIROTH vs. COUNTY OF TRINITY 136 F. 4th 1141 (9th Cir. 2025), to obtain all of the redress and relief that Section 1983 and this case law authority provides.

II. JURISDICTION

2. The USDC has subject matter jurisdiction over this lawsuit under Title 28 United States Code Section 1331, as the claim presented herein involves a federal legal question.

III. VENUE

3. Venue is proper for this USDC under Title 28 United States Code Section 1391(b)(2) as the majority of the subject, complained-of, injury-producing wrongful events are being committed in Los Angeles, California.

IV. THE PARTIES

4. I, Saeed Masjedi, am the Plaintiff herein, and at all times relevant, I have been a natural person living in Los Angeles, California.

5. Gregory Weingart ("Weingart") is a defendant in this USDC case, and at all tiles relevant has been a natural person living in California. Weingart is an Associate Justice of the California Second District Court of Appeals, Division One, one of the state actors involved in the wrongdoing sued upon herein, and Weingart is being sued herein in Weingart's official capacity, solely for prospective injunctive relief, pursuant to the case law authority of PULLIAM vs. ALLEN 466 U. S. 522 (1984), MIRELES vs. WACO 502 U. S. 9 (1991), at page 10, footnote 1.

6. Elizabeth Valdez ("Valdez") is a Defendant in this USDC case, and at all times relevant has been a natural person living in California.

7. Adolfo Garber ("Garber") is a defendant in this USDC case, and at all times relevant has been a natural person living in California, as well as an attorney and agent for Valdez.

8. Ashton Watkins ("Watkins") is a defendant in this USDC case, and at all times relevant has been a natural person living in California, as well as an attorney and agent for Valdez.

2

COMPLAINT

9. Bruce Adelstein ("Adelstein") is a defendant in this USDC case, and that all relevant times has been a natural person living in California and acting as an attorney and agent for Valdez.

10. Doe Defendants ("DOES 1 through 10") are each a Defendant in this USDC case. DOES 1 through 10, are so presently named because their true names and capacities are unknown, and they are being sued in this USDC case by such fictitious names. Upon learning their true names and capacities, amendment of this Complaint herein will be sought to so identify such DOES 1 through 10 by their true names and capacities.

V. THE WITNESSES

11. Jill Feeney ("Feeney"), at times relevant, has been a natural person and a Los Angeles Superior Court Judge. Feeney is a witness to, and an additional state actor participant in, the subject wrongdoing giving rise to this lawsuit.

12. Michelle Kim ("Kim"), at times relevant, has been a natural person and a Los Angeles Superior Court Judge. Kim is a witness to, and an additional state actor participant in, the subject wrongdoing giving rise to this lawsuit.

13. Frances Rothschild ("Rothschild"), at times relevant, has been a natural person and a justice of the California Second District Court of Appeal, Division One. Rothschild is a witness to, and an additional state actor participant in, the subject wrongdoing giving rise to this lawsuit.

14. Helen Bendix ("Bendix"), at times relevant, has been a natural person and a justice of the California Second District Court of Appeal, Division One. Bendix is a witness to, and an additional state actor participant in, the subject wrongdoing giving rise to this lawsuit.

15. Valdez, along with Garber as an agent of Valdez, Watkins as an agent of Valdez, Adelstein as an agent of Valdez, and DOES 1 through 10, are each (1)a willful co-conspirator, by a meeting of the minds, with the state actors, Feeney, Kim, Rothschild, Bendix, and Weingart, as well as (2)a willful joint participant with the state actors, Feeney, Kim, Rothschild, Bendix, and Weingart, as encouraged by those state actors, in the imposition of the complained-of, injury-producing, extrinsic fraud upon the institution of the Court, which was imposed by an evasion to act when under an affirmative duty to act, wrongfully depriving me of (1)my federal constitutional 1st Amendment right of Freedom of Speech, (2)my federal constitutional 1st Amendment right of Petitioning the Government, and (3)my federal constitutional 14th Amendment right of Procedural Due Process and its component of having a meaningful opportunity to be heard. While Feeney, Kim, Rothschild, and Bendix are participants in the

3

COMPLAINT

subject, sued-upon wrongdoing,  the presence of Weingart as a named party Defendant state actor appears to be sufficient to successfully present my claim being made herein.

VI. THE FIRST CLAIM – RECOVERY SOUGHT PURSUANT TO SECTION 1983

16. Paragraphs 1 through 15, inclusive, are incorporated herein by reference as though fully set forth here at.  This claim is presented by me, Saeed Masjedi, the Plaintiff herein, adverse to Weingart, Valdez, Garber, Watkins, Adelstein, DOES 1 through 10, and each of them, pursuant to Section 1983, to recover the full scope of the proper redress and relief, including but not limited to the recovery of my concrete consequential compensatory damages in tort, which are being suffered above and beyond the subject deprivation of federal constitutional rights, and for punitive damages thereupon.

17. In the currently pending Los Angeles Superior Court case number 23STCV11253, I am the Plaintiff and the Cross-Defendant, and Valdez is the Defendant and Cross-Complainant. In that case, I properly moved for the due dismissal of the Cross-Complaint of Valdez, including upon the basis of the Litigation Privilege defense of California Civil Code Section 47(b).  Feeney and Kim, each, commencing on or about June 18, 2024, knowingly, intentionally, purposefully, and despicably, imposed extrinsic fraud upon the institution of the Court by the illegal act of falsifying the record in that case, by falsely claiming that I had been served with the Cross-Summons and Cross-Complaint, when, as a clear matter of law, I had not been served.  On the basis of that falsehood imposed by Feeney, and Kim, Feeney, and Kim, then imposed the further falsehood that I was barred from asserting the Litigation Privilege defense.  These imposed falsehoods constitute a violation of California Penal Code Section 134, as well as a violation of Title 18 United States Code Sections 241 and 242, inter alia, as an evasion of the due adjudication of my Litigation Privilege defense in that state court case. Attached hereto as Exhibit 1 is a true and correct of page 2 of Feeney's June 18, 2024 Minute Order, wherein, in the second paragraph of that page, Feeney imposed that extrinsic falsehood. Later, Kim replaced Feeney. I sought to have that extrinsic falsehood duly rectified by a proper Motion to Set Aside and Vacate, and, on August 28, 2024, Kim refused to do so.  Attached hereto as Exhibit 2 is a true and correct copy of page 1 of Kim's August 28, 2024 Minute Order, wherein, in the fifth paragraph on that page Kim ratified Feeney's extrinsic fraud. Valdez and Garber each, as a matter of joint action with Feeney, and with Kim, by a meeting of the minds with Feeny, and with Kim, agreed with Feeney, and with Kim, and they all, in unison,

4

COMPLAINT

encouraged one another for the common objective of the imposition of the extrinsic fraud to violate my federal constitutional rights.

18. I then filed an appeal with the California Second District Court of Appeal, which was assigned to the Division One justices of Weingart, Rothschild, and Bendix. Watkins substituted Garber out as counsel of record for Valdez, and then Adelstein became an additional counsel for Valdez. I duly raised the issue of the legally invalid service of the Cross-Summons and Cross-Complaint in the appeal, along with the issue of the extrinsic fraud obstruction of the due adjudication of my Litigation Privilege defense. Not only did Weingart, Rothschild, and Bendix entirely evade the Court of Appeal's subject matter jurisdiction to adjudicate those issues, Weingart, Rothschild, and Bendix, illegally, and unethically imposed unjustified sanctions orders against me, in further violation of California Penal Code Section 134, and in violation of Title 18 United States Code Sections 241 and 242, inter alia. The evasion of the due adjudication of those issues that I raised is recognized by the binding, stare decisis case law as being a deprivation of the aforementioned federal constitutional rights, COHENS vs. VIRGINIA 19 U. S. 264 (1821), at page 404 –

> "The judiciary cannot . . . avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful . . . we must decide it if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution."

Valdez, Watkins, and Adelstein, each, as a matter of joint action with Weingart, Rothschild, and Bendix, by a meeting of the minds with Weingart, Rothschild, and Bendix, agreed with Weingart, Rothschild, and Bendix, and they all, in unison, encouraged one another for the common objective of the further imposition of the further extrinsic fraud to violate my federal constitutional rights. Such conspiratorial and/or joint participation between state actors and private actors is actionable as to both the state actors and private actors, O'HANDLEY vs. WEBER 62 F. 4th 1145 (9th Cir. 2023), at pages 1157-1159.

19. Each of the named Defendants herein, along with the indicated witnesses, and the DOES 1 through 10, so engaged in the subject, sued-upon wrongdoing intentionally, to purposefully deprive me of my federal constitutional rights, and they each did so maliciously, fraudulently, and despicably warranting the imposition of punitive damages above and beyond the value of my compensatory damages.

5

COMPLAINT

## VII. THE PRAYER FOR RELIEF

20. Paragraphs 1 through 19, inclusive, are incorporated herein by reference as though fully set forth here at.

21. Respectfully, I, Saeed Masjedi, the Plaintiff herein, pray for judgment to be entered in my favor and adverse to Valdez, Garber, Watkins, Adelstein, the DOES 1 through 10, and each of them, jointly and severally, for the following redress and relief:

(1)a jury trial,

(2)for an award of the compensatory damages, according to proof, at least in the amount of $300,000.00,

(3)for an award of punitive damages, according to proof,

(4)for an award of costs, according to proof.

22. As to Weingart, Valdez, Garber, Watkins, Adelstein, the DOES 1 through 10, and each of them, I also seek to obtain all due prospective injunctive relief, and declaratory relief, as well as the issuance of an order subjecting the Weingart, Valdez, Garber, Watkins, Adelstein, the DOES 1 through 10, and each of them, to pattern and practice discovery, and to discovery pursuant to the crime-fraud exception to the attorney-client privilege, as well as for the proper and prompt disclosure by each federal judge assigned to this USDC case who may have had, or has, a relationship with any of the Defendants of Witnesses, which, as a matter of law and/or professional ethics, is to be disclosed as to disqualification, and for all other proper legal or equitable relief.

### VERIFICATION

I, Saeed Masjedi, the Plaintiff herein, hereby verify and declare that I am personally familiar with the content of the above Complaint and that the content is true and correct of my personal knowledge of the facts stated in the above Complaint, and that if I were to be called to testify as to the facts stated in the above Complaint, and their true and correct nature, I could and would competently do so. I further verify and declare under penalty of perjury, under the laws of the State of California, as well as under the laws of the United States of America, that this verification's content is true and correct, and that this verification is being executed in Los Angeles, California on February 13, 2026.

SAEED MASJEDI

6

COMPLAINT

# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 78

**23STCV11253**
**SAEED MASJEDI vs ELIZABETH VALDEZ**

June 18, 2024
8:30 AM

Judge: Honorable Jill Feeney
Judicial Assistant: N DiGiambattista
Courtroom Assistant: A Comick

CSR: None
ERM: None
Deputy Sheriff: None

---

Vasquez on the grounds that (1) Valdez's claims are barred by litigation privilege and (2) Valdez's claims are subject to dismissal under the anti-SLAPP statute Code Civ. Proc., section 425.16. Thus, although styled as a motion to dismiss, this motion is a demurrer and a special motion to strike.

A demurrer to a complaint or cross-complaint must be filed within thirty days after service. (Code Civ. Proc., section 430.40(a).) A defendant must file any special motion to strike within 60 days of service of the complaint or cross-complaint. (Code Civ. Proc., section 425.16(f).) Here, Valdez's Cross-Complaint was served on Masjedi via substituted service on March 21, 2024. Service was deemed complete on March 31, 2024. (Code Civ. Proc., section 415.20(a).) Masjedi's deadline to file a demurrer was April 30, 2024. Because this motion was filed in May 2024, the motion is untimely as to the allegations that the action is barred by litigation privilege.

Masjedi's anti-SLAPP motion to strike, however, is timely because his deadline to file this motion was May 30, 2024. The Court will rule on the special motion to strike.

Legal Standard

Code of Civil Procedure section 425.16 provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue shall be subject to a special motion to strike unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16(b).)

Such a motion involves a two-step analysis, in which the court must first determine whether a movant "has made a threshold showing that the challenged cause of action is one arising from protected activity ..." (Taus v. Loftus (2007) 40 Cal.4th 683, 712, quoting Equilon Enterprises v. Consumer Cause, Inc. (2002) 29 Cal.4th 53, 67.) If the court so finds, it must then examine whether the respondent has demonstrated a probability of prevailing on the claim. (Taus, supra, 40 Cal.4th at p. 712.) In determining whether the respondent has carried this burden, the trial court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (Code Civ. Proc., § 425.16(b)(2); see Soukup v. Law Offices of Herbert Hafif (2006) 39 Cal.4th 260, 291.)

Objections

Valdez objects to Masjedi's anti-SLAPP motion to strike. The Court rules as follows:

---

EXHIBIT 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 78

**23STCV11253**                                           August 28, 2024
**SAEED MASJEDI vs ELIZABETH VALDEZ**                      8:30 AM

Judge: Honorable Michelle C. Kim          CSR: None
Judicial Assistant: D. Castro-Martinez    ERM: None
Courtroom Assistant: A. Comick            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Saeed Masjedi via LA Court Connect

For Defendant(s): Adolfo Bojalil Garber via LA Court Connect

**NATURE OF PROCEEDINGS:** Hearing on Motion to Set Aside/Vacate Judgment (CCP 473)

The Court's tentative ruling is posted online for the parties to review.

The Cross-Defendant requests a hearing.

The matter not called for hearing.

After reading and considering all moving documents and hearing oral argument, the Court adopts its tentative ruling as the
final order of the Court, as follows:

The Motion to Set Aside/Vacate Judgment filed by Saeed Masjedi on 07/03/2024 is Denied.

### I. BACKGROUND

On May 19, 2023, plaintiff Saeed Masjedi ("Plaintiff") filed this action against defendants Elizabeth Valdez ("Defendant") and Does 1 to 300 for Intentional Infliction of Emotional Distress ("IIED") and violations of Civ. Code, section 1942.5(d). Plaintiff alleges that he was Defendant's tenant. In June 2022, when Plaintiff notified Defendant of a leak in his sink that required repair, Defendant began engaging in retaliatory conduct which caused him emotional distress.

On December 8, 2023, the court sustained with leave to amend Defendant's demurrer to Plaintiff's cause of action for retaliatory eviction and overruled the cause of action for IIED. (Min. Order, Dec. 8, 20223.) Plaintiff was given thirty days leave to file a first amended complaint. (*Ibid.*)