JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-1570 JGB (ACCVx)** | Date | February 20, 2026 |
|---|---|---|---|
| Title | ***Saeed Masjedi v. Gregory Weingart, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order DISMISSING Plaintiff's Complaint for Want of Jurisdiction (IN CHAMBERS)**

On February 13, 2026, Plaintiff Saeed Masjedi filed a complaint against Defendants Gregory Weingart, Elizabeth Valdez, Adolfo Garber, Ashton Watkins, Bruce Adelstein, and Does 1 through 10.  ("Complaint," Dkt. No. 1.)  The Complaint alleges one cause of action for violation of 42 U.S.C. § 1983.  (Id.)  The Complaint alleges jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  (Id.)

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists, and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  Federal courts are under "an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and may sua sponte raise the issue of subject matter jurisdiction at any time.  Mobilitie Mgmt., LLC v. Harkness, Case No. 16-CV-1747, 2016 WL 10879714, at *1 (C.D. Cal. Oct. 31, 2016).

Based on the Court's review, it appears that Plaintiff's claims are jurisdictionally barred by the Rooker-Feldman doctrine.  The Rooker-Feldman doctrine prevents a federal district court from exercising jurisdiction over a direct appeal from a state court's final judgment.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).  The Ninth Circuit has provided the following general formulation of the Rooker-Feldman doctrine:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Noel, 341 F.3d at 1164 (italics in original). The Rooker-Feldman doctrine applies where a party is (1) asserting as his legal injury legal error(s) by the state court and (2) seeks as his remedy relief from the state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). If plaintiff's action constitutes a de facto appeal, the doctrine also prohibits any issue that is "inextricably intertwined" with the state court's judgment. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). A claim is "inextricably intertwined" with a state court judgment "if the general claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. at 778 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987)).

Plaintiff's Complaint is barred by the Rooker-Feldman doctrine because Plaintiff seeks relief from decisions issued by the California Superior Court for Los Angeles County and the California Second District Court of Appeal in a tort matter concerning Plaintiff. Indeed, the entire basis for Plaintiff's cause of action concerns the state superior and appellate court proceedings. (See generally Complaint.) Although an exception to the Rooker-Feldman doctrine is extrinsic fraud on the Court, see Noel, 341 F.3d at 1141, Plaintiff's claims do not appear to be based on extrinsic fraud but rather alleged errors of the superior and appellate state courts. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004). Plaintiff's cause of action is either a de facto appeal of a state court judgment or inextricably intertwined with a state court order. The Complaint is thus barred by Rooker-Feldman.

Accordingly, this case is **DISMISSED** for lack of subject matter jurisdiction. Because amendment cannot cure the subject matter jurisdiction deficiencies identified above, Plaintiff is not granted leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The Clerk of Court is directed to close the case. (JS-6)

**IT IS SO ORDERED.**